**No. _____**

# United States Court of Appeals
# for the Fifth Circuit

U.S. COURT OF APPEALS
RECEIVED
Sep 01, 2023
FIFTH CIRCUIT

---

NATIONAL ASSOCIATION OF PRIVATE FUND MANAGERS; ALTERNATIVE INVESTMENT MANAGEMENT ASSOCIATION LTD.; AMERICAN INVESTMENT COUNCIL; LOAN SYNDICATIONS AND TRADING ASSOCIATION; MANAGED FUNDS ASSOCIATION; and NATIONAL VENTURE CAPITAL ASSOCIATION,

*Petitioners*,

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

---

On Petition for Review of an Order of the
Securities and Exchange Commission

## PETITION FOR REVIEW

STEPHEN J. HAMMER
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201-2923
(214) 698-3100

EUGENE SCALIA
  *Counsel of Record*
HELGI C. WALKER
BRIAN A. RICHMAN
MAX E. SCHULMAN
ROBERT A. BATISTA
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
(202) 955-8500
EScalia@gibsondunn.com

*Counsel for Petitioners*

September 1, 2023

# CERTIFICATE OF INTERESTED PERSONS

No. _____

NATIONAL ASSOCIATION OF PRIVATE FUND MANAGERS; ALTERNATIVE
INVESTMENT MANAGEMENT ASSOCIATION LTD.; AMERICAN INVESTMENT
COUNCIL; LOAN SYNDICATIONS AND TRADING ASSOCIATION; MANAGED
FUNDS ASSOCIATION; and NATIONAL VENTURE CAPITAL ASSOCIATION,

*Petitioners*,

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

_____

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Further, pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned counsel of record certifies that there are no corporations that are either parents of any petitioner or that own stock in the petitioners.

## A.    Petitioners

1.    National Association of Private Fund Managers
2.    Alternative Investment Management Association Ltd.

i

## CERTIFICATE OF INTERESTED PERSONS
### (continued)

3.     American Investment Council
4.     Loan Syndications and Trading Association
5.     Managed Funds Association
6.     National Venture Capital Association
7.     Others who are not participants in this matter but may be financially interested in its outcome include members of the National Association of Private Fund Managers, Alternative Investment Management Association Ltd., American Investment Council, Loan Syndications and Trading Association, Managed Funds Association, and National Venture Capital Association.

**B.    Attorneys for Petitioners**

Eugene Scalia
Helgi C. Walker
Brian A. Richman
Max E. Schulman
Robert A. Batista
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306

Stephen J. Hammer
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201-2923

**C.    Respondent**

1.     Securities and Exchange Commission

**D.    Attorneys for Respondent**

Megan Barbero
General Counsel
Securities and Exchange Commission
100 F. Street, NE
Washington, D.C.  20549-1090

## CERTIFICATE OF INTERESTED PERSONS
### (continued)

Dated:  September 1, 2023          Respectfully Submitted,

                                    */s/ Eugene Scalia*

                                    EUGENE SCALIA
                                      *Counsel of Record for Petitioners*

## PETITION FOR REVIEW

Pursuant to 5 U.S.C. §§ 702–704, 706, 15 U.S.C. § 80b–13(a), and Federal Rule of Appellate Procedure 15(a), the National Association of Private Fund Managers, Alternative Investment Management Association Ltd., American Investment Council, Loan Syndications and Trading Association, Managed Funds Association, and National Venture Capital Association petition this Court for review of the final order of the Securities and Exchange Commission in *Private Fund Advisers; Documentation of Registered Investment Adviser Compliance Reviews*, Release No. IA-6383, and issued on August 23, 2023.  A copy of the order is attached as Exhibit A.  The order issues new rules purporting to govern private fund advisers and announces the Commission's position that certain longstanding, widely used contractual terms are "invalid under the [Advisers] Act."

The new rules would fundamentally change the way private funds are regulated in America.  Among other things, the rules would effectively bar many of the bespoke contractual terms investors negotiate to meet their specific needs, would effectively bar advisers from charging for certain expenses, and would require costly reporting that is wholly

unnecessary.  The rules exceed the Commission's statutory authority, were adopted without compliance with notice-and-comment requirements, and are otherwise arbitrary, capricious, an abuse of discretion, and contrary to law, all in violation of the Administrative Procedure Act, 5 U.S.C. § 706, and of the Commission's heightened obligation to consider its rules' effects on "efficiency, competition, and capital formation," 15 U.S.C. § 80b-2(c).

1.    On February 9, 2022, the Commission proposed a series of sweeping regulations that would fundamentally alter the longstanding, widely used business arrangements of private funds.  *See Private Fund Advisers; Documentation of Registered Investment Adviser Compliance Reviews*, 87 Fed. Reg. 16,886 (Mar. 24, 2022).  The proposal was ill-considered.  As the Commission's own Inspector General reported, the Commission was relying on "detailees" with "little or no experience," and trying to rush through an "aggressive agenda" without adequate "research and analysis."  *The Inspector General's Statement on the SEC's Management and Performance Challenges, October 2022*, at 3 (2022).  In re-

2

sponse, commenters explained that the proposal suffered from serious legal problems, was unworkable, and reflected basic misunderstandings of the market the Commission sought to regulate.

2.    The Commission forged ahead regardless.  Without further notice to the public or opportunity to comment on changes that diverged sharply from what it originally proposed, the Commission adopted a final rule that is unwarranted, unlawful, and will harm the private fund industry and hamper the jobs, innovation, and other benefits private funds bring to the economy.

3.    The Commission has not shown any need for the intrusive rules it has adopted.  Investors in private funds are among the largest, most sophisticated investors in the world, and include the world's largest sovereign wealth funds, pension funds, professionally managed university endowments, and charitable foundations.  These investors know what they are doing and have many options for where to invest their money.  If the longstanding, widely used business arrangements of private funds are really in need of a government overhaul, as the Commission claims, these investors would not increasingly be placing their money in private funds.

4.     The reality is that investors seek out private funds—whether they take the form of venture capital, private equity, private credit, or hedge funds—precisely because they are a successful, thriving sector of the economy.  Private funds (guided by their advisers) invest in thousands of businesses, with millions of employees, and have returned, over the years, trillions of dollars in gains to investors, far exceeding the returns available from other investment options.

5.     Private fund investors—who often are advised by the world's leading law firms—have, over the years, worked with the advisers to private funds to develop and evolve contractual terms that yield important benefits for both parties.  The Commission's new rules, which restrict various of these standard terms, and impose other onerous requirements, will do nothing but curb the entrepreneurialism, flexibility, and investment returns that have until now made private funds an increasingly attractive option for the world's most sophisticated investors.

6.     In imposing these new requirements, the Commission exceeded its statutory authority and violated the requirements for agency rulemaking in multiple ways.  Congress has long recognized that private funds, given the size and sophistication of their investors, do not require

the type of exhaustive regulatory requirements the Commission imposes here. The Commission's claimed discovery of a sweeping new power over private funds—in either a general anti-fraud provision (section 206(4) of the Advisers Act) or a statutory section that does not mention private funds, and that is focused on retail investors (section 913 of the Dodd-Frank Act)—is not plausible. In any event, the final rules the Commission has adopted are simply not workable—as petitioners would have told the Commission had it actually put its revisions out for public comment. The Court should hold unlawful, vacate, and set aside the rules, and grant such additional relief as may be necessary and appropriate.

7.    Jurisdiction and venue are proper in this Court under 15 U.S.C. § 80b–13(a) because the petition challenges "an order issued by the Commission under [the Investment Advisers Act]" and one or more petitioners "reside[ ] or" have their "principal office or place of business" in this Circuit. The petition is also timely under 15 U.S.C. § 80b–13(a) because it was filed on September 1, 2023—"within sixty days" of the Commission's "entry" of the order on August 23, 2023. Joinder of the petitioners is practicable under Federal Rule of Appellate Procedure 15(a)(1).

Dated:  September 1, 2023                    Respectfully Submitted,

                                              */s/ Eugene Scalia*

STEPHEN J. HAMMER                            EUGENE SCALIA
GIBSON, DUNN & CRUTCHER LLP                   *Counsel of Record*
2001 Ross Avenue, Suite 2100                 HELGI C. WALKER
Dallas, TX  75201-2923                       BRIAN A. RICHMAN
(214) 698-3100                               MAX E. SCHULMAN
                                             ROBERT A. BATISTA
                                             GIBSON, DUNN & CRUTCHER LLP
                                             1050 Connecticut Avenue, N.W.
                                             Washington, D.C.  20036-5306
                                             (202) 955-8500
                                             EScalia@gibsondunn.com

                      *Counsel for Petitioners*

# CERTIFICATE OF ELECTRONIC SUBMISSION

I hereby certify that: (1) any required privacy redactions have been made; (2) the electronic submission of this document is an exact copy of any corresponding paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free from viruses.

Dated:  September 1, 2023                Respectfully Submitted,

 */s/ Eugene Scalia*

EUGENE SCALIA
  *Counsel of Record for Petitioners*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2023, I caused the foregoing Petition for Review to be electronically filed with the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF system.

I further certify that on September 1, 2023, pursuant to 28 U.S.C. § 2112(a)(1) and 17 C.F.R. § 201.490, I will cause ten true and correct copies of the foregoing Petition for Review, having been stamped by the Court with the date of filing, to be served upon the Secretary and Office of the Secretary of the Securities and Exchange Commission via hand-delivery at the following address. Each copy is being submitted to the Securities and Exchange Commission pursuant to 28 U.S.C. § 2112 by the persons who filed the Petition for Review in the United States Court of Appeals for the Fifth Circuit.

> Vanessa A. Countryman
> Secretary
> Securities and Exchange Commission
> 100 F. Street NE
> Washington, D.C. 20549-1090

I further certify that on September 1, 2023, I will cause one copy of the foregoing Petition for Review to be mailed to the Clerk of Court for the United States Court of Appeals for the Fifth Circuit via UPS Next

## CERTIFICATE OF SERVICE
### (continued)

Day Delivery.  There are no parties "admitted to participate in the agency

proceedings" for purposes of Federal Rule of Appellate Procedure 15(c)(1)

other than the respondent.


Dated:  September 1, 2023          Respectfully Submitted,

                                   */s/ Eugene Scalia*
                                   EUGENE SCALIA
                                     *Counsel of Record for Petitioners*